IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEITH SCOTT                                                                                              PETITIONER

vs.                                        CASE NO. **4:04CR00117-02SWW**
                                                        **4:07CV00567SWW**

UNITED STATES OF AMERICA                                                            RESPONDENT

### **ORDER**

Petitioner, Keith Scott, was indicted on May 5, 2004, for conspiracy to commit commercial check fraud (Count 1) in violation of 18 U.S.C. §§ 371 and 513(a), possession of five or more fraudulent identification documents (count 25) in violation of 18 U.S.C. § 1028(a)(3), and being a felon in possession of a firearm (Count 27) in violation of 18 U.S.C. § 922(g)(1). On March 4, 2005, Scott appeared before the Honorable George Howard, Jr[1]. and pursuant to a plea agreement pled guilty to Count 1 of the Indictment. The remaining counts were dismissed. On May 27, 2005, Scott was sentenced to 55 months of imprisonment, 3 years supervised release, restitution in the amount of $34,291.20, and a special assessment of $100.00. Scott appealed his sentence to the Eighth Circuit Court of Appeals which affirmed the decision of the district court in all respects. *United States v. Scott*, 448 F. 3d 1040 (8th Cir. 2006).

Scott brings this motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, raising the following issues: (1) the Court erred in using a preponderance of the evidence standard at sentencing (Ground 1); (2) the Court was without jurisdiction and there was no factual basis to support a guilty plea under 18 U.S.C. § 513(a) because some of the entities were fictitious organizations (Grounds 2 and 3); (3) the Court erred in holding Scott accountable for restitution in the amount of $34,291.20 (Ground 4); and (4) the Government breached the plea agreement by

---

[1]Judge Howard died on April 21, 2007 and the case was assigned to the undersigned on April 26, 2007.

-1-

seeking a sentencing enhancement (Ground 5). Scott contends that counsel was ineffective for failing to raise the issues set forth above.

The government asserts that other than the ineffective assistance of counsel claim, Scott's arguments are procedurally defaulted. Scott agrees that some of the claims were not raised on direct appeal, but blames his court appointed attorney for failing to raise them. The Court need not determine whether the arguments are procedurally defaulted, as they must be denied on the merits.

First, Scott asserts that the Court used the wrong standard of proof at sentencing; that is, that the Court should have used a higher standard of proof than a preponderance of the evidence.

The law is well-settled that "[u]nder an advisory Guidelines regime, sentencing judges are only required to find sentence enhancing facts by a preponderance of the evidence." *United States v. Garcia-Gonon*, 433 F. 3d 587, 593 (8th Cir. 2006). Thus, Scott's first argument is without merit.

Second, Scott states that the Court lacked jurisdiction as some of the "organizations" were fictitious and did not qualify as "organizations" within the definition of 18 U.S.C. § 513(a). Scott pled guilty to conspiracy to make and possess counterfeit commercial and business checks purportedly drawn on legitimate bank accounts, which were then negotiated for cash. The statute to which Scott pled guilty provides:

> Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined under this title or imprisoned for not more than ten years, or both.

18 U.S.C. § 513(a).

> The scheme involved Scott's coconspirators' purchasing legitimate identification cards, social security cards, and payroll checks from numerous individuals to obtain bona fide business names and account numbers. Scott then used his computer to produce counterfeit commercial checks that were printed with those business names and account numbers. The checks were made payable to the individual whose identification document was used. Scott's coconspirators would next open bank accounts using the purchased identification documents and deposit the counterfeit commercial checks or stolen money orders into the account. The coconspirators then began cashing counterfeit commercial checks against the accounts to obtain cash. The proceeds were split between Scott and the coconspirator working on that account.

448 F. 3d at 1042.

The actual banks on which the accounts were drawn, e.g., Metropolitan National Bank and Arvest Bank, are not fictitious, and operate in interstate commerce. They are organizations within the meaning of the statute. *See United States v. Jackson*, 155 F. 3d 942, 946 (8th Cir. 1998) (banks on which accounts were drawn were organizations for purposes of the § 513 definition). Thus, Scott's contention that the Court did not have jurisdiction is without merit.

Third, Scott argues that the Court erred in holding him accountable for $34,291.20 in restitution. At the sentencing hearing, the government presented evidence that the two main victims, Arvest Bank and Metropolitan National Bank, suffered losses in the amount of $34,291.20, which were directly traceable to Scott's conduct. Therefore, the Court did not err in holding Scott accountable for the amount of the loss.

Finally, Scott contends that the government breached the Plea Agreement by advocating for sentencing enhancements. In particular, he points to paragraph 10 of the Plea Agreement which provides:

> The United States Attorney for the Eastern District of Arkansas will bring no further charges against the defendant for any acts or conduct arising out of the events described in the Indictment, which is the subject of this action, unless the Defendant breaches this Agreement.[2]

At sentencing, the government asked for a twelve-level sentencing enhancement under §2B1.1(b)(1)(g) of the Sentencing Guidelines because the conspiracy involved more than $200,000. The government also asked for a four-level enhancement based on Scott's leadership role in the offense under § 3B1.1 of the Sentencing Guidelines. The government additionally asked for a two-level obstruction of justice enhancement based on § 3C1.1 of the Sentencing Guidelines because Scott submitted a false affidavit in his challenge to the search warrant. Furthermore, the government asked for a two-level enhancement pursuant to § 2B1.1(b)(1)(C)(i) of the Sentencing Guidelines based on Scott's authorised use or transfer of a means of identification to produce or

---

[2]Docket No. 98, p. 7.

obtain other means of identification. *See* 448 F. 3d at 1042-43.[3]

The Court agreed with the government's arguments, but determined that Scott was entitled to a two-level reduction for acceptance of responsibility. Scott's base offense level was increased from 6 to 24. With a criminal history category of III. the Court found that the applicable Guidelines range was 63 to 78 months. Applying the factors of 18 U.S.C. § 3553(a), the Court imposed a sentence below the Guidelines range and sentenced Scott to 55 months.

At the change of plea hearing, the government indicated that there was no stipulation regarding sentencing enhancements and the sentence to be imposed would be left to the Court's judgment.[4] The Plea Agreement did not preclude the government from seeking enhancements. The government's request for enhancements did not violate paragraph 10 of the Plea Agreement. Furthermore, seeking enhancements does not equate to the proscription of bringing additional charges as set forth in the Plea Agreement. Thus, the Court finds that the government did not violate the Plea Agreement.

Scott contends that his counsel was ineffective for failing to raise the claims discussed above. The ineffective assistance of counsel claim is not procedurally barred.

In order to establish that his counsel was ineffective, Scott must establish that counsel's performance was deficient and that he was prejudiced by that deficient performance. *Jones v. Jerrison*, 20 F.3d 849, 857 (8th Cir. 1994). "An attorney's deficient performance is deemed prejudicial when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). In the sentencing context, Scott must establish that his counsel's representation fell below an objective standard of reasonableness and that "the result of the sentencing proceeding was rendered unreliable or fundamentally unfair by counsel's deficient performance." *West v. United States*, 994 F. 2d 510, 513 (8th Cir. 1993).

---

[3] The Eighth Circuit found that the enhancements were warranted. 448 F. 3d 1040.

[4] Transcript of Plea Hearing, Docket No. 124, p. 11.

As is discussed above, none of Scott's arguments have merit. The failure of Scott's counsel to raise the arguments would not have changed the outcome. As a result, Scott has failed to demonstrate deficient performance or prejudice.

Accordingly, the motion to vacate, set aside or correct sentence is hereby denied.

IT IS SO ORDERED this 13th day of September, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE